NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2114
_____

JOSEPH WATSON,
                                          Appellant

v.

SUPERINTENDENT TREVOR A. WINGARD; SECURITY CAPTAIN SNYDER;
SERGEANT L. SMITH; MAIL ROOM SUPERVISOR SUE DORR; KITCHEN
SUPERVISOR GALYE RINN; UNIT MANAGER B. WESTLY; SERGEANT R.
PRITTS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:16-cv-00055)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 16, 2019
Before:  CHAGARES, BIBAS, and GREENBERG, Circuit Judges

(Opinion filed: August 20, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Joseph Watson appeals from the judgment entered against him in his civil rights case. For the following reasons, we will affirm.

Watson, an inmate confined at the State Correctional Institution at Somerset, Pennsylvania ("SCI-Somerset"), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 against several employees of SCI-Somerset, including: Trevor Wingard, a prison superintendent; Robert Snyder, a security captain; Lori Smith, a prison sergeant; Susan Dorr, a mailroom supervisor; Gayle Rihn, a kitchen supervisor; Brian Westly, a unit manager; and Randall Pritts, a prison sergeant. Watson alleges violations of his Eighth Amendment rights, retaliation, a violation of his right of access to the courts, and a violation of his equal protection rights.

On September 26, 2016, the District Court granted in part and denied in part the defendants' motion to dismiss. Watson's remaining claims included: an Eighth Amendment claim against Pritts based on an alleged assault during a pat-down search; an Eighth Amendment claims against Wingard and Snyder based on the failure to adequately respond to the assault and the failure to train staff; an access to the court claim against Dorr; and an equal protection claim against Rihn. Defendants subsequently filed a motion for summary judgment, and Watson filed a cross-motion for summary judgment. On May 7, 2018, the District Court entered an order adopting the Magistrate Judge's recommendation, granting the defendants' motion for summary judgment and entering judgment in favor of the defendants. Watson appeals.

I.
2

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo and view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Montone v. City of Jersey City, 709 F.3d 181, 189 (3d Cir. 2013). Summary judgment is proper only if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). [1]

## II.

We agree with the District Court that Defendant Pritts was entitled to summary judgment on Watson's Eighth Amendment claim, which resulted from a pat-down search performed by Pritts. Watson alleged that during the pat-down search, Pritts gave him an "upper cut" to his groin and subsequently massaged and groped his penis and buttocks.

The Eighth Amendment protects prison inmates against cruel and unusual punishment. See Whitley v. Albers, 475 U.S. 312, 318 (1986). To be actionable, the punishment must be "objectively, sufficiently serious," and the corrections officer must have a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834

---

[1] We do not review, however, the District Court's September 26, 2016 order dismissing several of Watson's claims, since Watson did not raise arguments regarding that dismissal on appeal. Those arguments are therefore waived. See Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se appeal); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

(1994) (citation and internal quotation marks omitted). Watson has asserted two types of Eighth Amendment claims based on the alleged assault: one for sexual abuse and one for excessive force. We examine each in turn.

We have previously recognized that sexual abuse of an inmate by a corrections officer may violate the Eighth Amendment. See Ricks v. Shover, 891 F.3d 468, 473 (3d Cir. 2018). The framework for analyzing such a claim consists of subjective and objective components. Id. at 474–75. "That is, the incident must be objectively, sufficiently intolerable and cruel, capable of causing harm, and the official must have a culpable state of mind." Id. at 475. In Ricks, we concluded that "a single incident, if sufficiently serious or severe, can run afoul of the Eighth Amendment as surely as can multiple, less egregious incidents." Id. at 477.

Here, although Watson found the search objectionable, it did not rise to the level of an Eighth Amendment violation. The alleged sexual abuse occurred during a pat-down search and thus the contact with Watson's genitals was incidental to a legitimate penological purpose. See Crawford v. Cuomo, 796 F.3d 252, 257–58 (2d Cir. 2015); see also Byrd v. Maricopa Cty. Sheriff's Dep't, 629 F.3d 1135, 1152 (9th Cir. 2011) (Smith, J. concurring in part and dissenting in part) (noting a "pat-down is done to detect contraband that may be taped to the contours of an inmate's body, including the genital area"). Furthermore, the evidence in the summary judgment record does not suggest that Pritts was conducting the pat-down search as a pretext to sexually arouse or gratify himself.

4

Watson's excessive use of force claim is similarly without merit. As noted by the District Court, Watson failed to show that any resulting injury from the alleged "upper cut" to his groin was more than de minimis. See Fuentes v. Wagner, 206 F.3d 335, 345 (3d Cir. 2000). Accordingly, we agree that summary judgment was appropriate.

III.

We agree that Defendants Snyder and Wingard were entitled to summary judgment on Watson's Eighth Amendment claims against them. Watson alleged that defendants failed to adequately respond to the alleged assault by Pritts and failed to properly train staff in accordance with prison policies. However, Watson failed to exhaust his administrative remedies with respect to these claims. The PLRA prohibits a prisoner from bringing an action objecting to his conditions of confinement under 42 U.S.C. § 1983 until that prisoner has exhausted available administrative remedies. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83–84 (2006). The prisoner must complete the administrative review process in accordance with the procedural rules of the grievance or appeal system at his facility. Jones v. Bock, 549 U.S. 199, 218 (2007). Watson did not identify either Snyder or Wingard, or identity any harm perpetuated by them in the grievances he filed with the prison. Therefore, Watson failed to exhaust his administrative remedies prior to commencing this suit and the grant of summary judgment was proper.[2]

---

[2] Additionally, because we conclude that Watson failed to establish an Eighth Amendment violation by Pritts for the alleged assault, we conclude that he similarly

IV.

The District Court was also correct to grant summary judgment in favor of Defendant Dorr regarding Watson's access-to-the-courts claim. Watson failed to show an actual injury as a result of Dorr's conduct, as required by Lewis v. Casey, 518 U.S. 343 (1996). To demonstrate an actual injury, a plaintiff must show that the defendant's conduct hindered his attempt to litigate a non-frivolous claim. See Christopher v. Harbury, 536 U.S. 403, 415 (2002) (citing Lewis, 518 U.S. at 353). Watson failed to make such a showing. Watson based his claim on Dorr's alleged failure to mail out a PCRA petition, which Watson dated May 9, 2014. Watson claimed that the petition, though not filed by Dorr, was ultimately filed by his brother and received by the PCRA court in August 2014. The petition was subsequently dismissed as untimely, but for reasons unrelated to the three month delay in filing the petition.[3] Because Watson has provided no evidence that the delay caused by Dorr's alleged failure to mail the petition

---

failed to establish an Eighth Amendment violation by Snyder and Wingard for the failure to respond to the alleged assault, or for the failure to train staff in order to prevent such an assault.

[3] Watson's PCRA petition challenged his 2000 conviction. Watson's conviction became final on October 12, 2003, see Commonwealth v. Watson, No. 986 EDA 2015, 2016 WL 617176, at *4 (Pa. Super. Ct. Feb. 16, 2016), and he then had one year to file a timely PCRA petition, see 42 Pa. Cons. Stat. Ann. § 9545(b)(1). The PCRA court concluded that his petition filed in August 2014 was untimely and did not qualify for an exception to the timeliness provision under 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(i)–(iii).

6

had any effect on the petition's untimeliness, the District Court properly entered summary judgment on this claim.

## V.

Finally, we agree with the District Court that Defendant Rihn was entitled to summary judgment on Watson's equal protection claim. Watson based his claim on the fact that he was denied employment in the prison kitchen because he had a disability— prostate cancer. To prevail on an equal protection claim, an inmate must show that he has been treated differently from other similarly situated inmates, Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003), and show that the defendant acted with discriminatory intent or purpose, City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found., 538 U.S. 188, 194 (2003). Here, Watson has failed to provide any evidence of purposeful discrimination. Rihn presented evidence in the District Court to show that Watson was considered for the position but was not hired because he had misconducts for threatening another person and stealing from the kitchen. Thus, the District Court's grant of summary judgment on this claim was proper.[4]

## VI.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[4] To the extent that Watson seeks to raise a claim pursuant to the Americans with Disabilities Act ("ADA"), we note that arguments raised for the first time on appeal are deemed to be waived. See Brown v. Philip Morris Inc., 250 F.3d 789, 799 (3d Cir. 2001).

7